## P. H. GRINSTEAD et al. *v.* J. F. FOUTE et al.

Where citizens of the State are authorized by the act of 1842 (Hutch. Code, 854, &c.) to prosecute or defend their own suits without the aid of counsel, and a judgment is rendered on a writing obligatory for the payment of a sum certain; in the absence of a contrary showing, it will be presumed that the court did its duty in the manner required by the statute.

In error from the circuit court of Lawrence county; Hon. W. P. Harris, judge.

The opinion contains the facts of the case.

*D. Mayes* for appellants.

The act of February 28, 1842, entitled " An Act to authorize the citizens of this State to prosecute or defend their suits without the aid of an attorney," being a statute giving a new mode of remedy in derogation of the common law, and to a specific class of persons in derogation of common right, must be strictly pursued, and the record must make every fact appear which is essential to the mode of proceeding. *Essex* v.

*Carey*, 1 Marsh. R. 60; 4 Bacon, Abridg. title Statute, letter I., 10 rule, 97 case, ad. 26; Strange, R. 258; 10 Coke, R. 75. " If any law happens to be established, upon particular considerations, contrary to other rules, or to the general law, it ought not to be drawn to any consequence beyond the cases which the words of the law mark expressly." Smith, Com. 621, § 469.

To maintain an action under the statute, the following things must concur : —

1. The plaintiff must be a citizen of this State.

2. He must be a *bonâ fide* owner of the cause of action.

3. That cause of action must be a bill single or writing obligatory, promissory note, bill of exchange, order in writing, or check.

4. The cause of action must be filed with the clerk of the circuit court,

5. *Of* the county where the principal defendant resides.

6. Process issued must be to bring into said court all the parties to said instrument of writing resident in this State, or to be found in the State, as defendants to the action.

7. " This mode of proceeding shall not be allowed to any plaintiff who shall appear by attorney, but only where such plaintiff or plaintiffs appear and prosecute in proper person."

The record, then, is fatally defective in the following particulars : —

1. It does not appear that the plaintiffs were citizens of this State. That this is essential, is apparent both from the title of the act, and from the enacting words. Hutch. Code, 854, art. 11, § 1.

I do not contend that it does not sufficiently appear that the plaintiffs were *bonâ fide* owners of the writing sued on; but, I do contend,

2. That the writing sued on is not such an one as may be put in suit under this statute, which only embraces suits on bills single, promissory notes, bills of exchange, orders in writing, and checks. It is true, that after the words " bills single," the words " or writing obligatory " immediately follow; but it is obvious, both from the punctuation and the entire sentence,

that the words "writing obligatory" were not intended to enlarge, but merely to explain the sense of the preceding words, "bills single." It immediately follows that these instruments must be for the payment of money absolutely, and then it speaks of its having "become necessary to institute a suit against the parties to any such instrument of writing to recover the sum of money mentioned in such instrument of writing." And in the third section, it is provided, that if the suit be upon a sealed instrument, no plea but the plea of payment shall be allowed.

This would be an appropriate plea to an action founded upon a bill single, but wholly inappropriate to an action founded upon any other writing obligatory. The writing in this case is not a bill single.

In addition to the promise to pay money, are the promises to deliver a number of slaves, to furnish the slaves with good and sufficient clothing, one good blanket, &c., and to take good and proper care of them in sickness and in health, to furnish proper medical attendance to them when sick, and that they should not be removed without the limits of Lawrence county during the time for which they were hired.

By a statute of Kentucky authorizing a mode of proceeding by petition and summons, the holder of a bond or note for money might put the same in suit by filing it with the clerk, together with a petition in the prescribed form. 2 Laws of Ky. 1319. In the construction of this statute, it has been held uniformly, that its provisions did not extend to any case in which the writing contained any other stipulation than that for the payment of money. *Wright* v. *Coleman*, 4 Bibb, 252; *Poole* v. *M'Caughan*, 6 Mon. 336.

3. It nowhere appears in the record that the writing sued on was at any time filed with the clerk, either before or after bringing the suit. Accompanying the writ is a precipe, signed J. F. Foute, Attorney, in which it is said: "This is an action of debt founded on the defendants' bond under seal," of which the following is a copy in substance, to wit, ——. But whether the bond, of which a copy is given, was or was not filed, nowhere appears.

4. It does not appear that the principal defendant resided in Lawrence county. If we are to judge from the copy of the bond in the precipe, all the obligors were principal defendants. Where they resided, does not appear. Duplicate writs issued, one to the county of Lawrence, the other to the county of Wilkinson. That to the county of Lawrence is directed to be executed on the defendants, Pleasant H. Grinstead, Elias F. Grinstead, Hiram Bonner, and John Gartman, and which is returned by the sheriff of Lawrence county, executed 17th April, 1849. That to the county of Wilkinson is directed to be executed on the defendants, Louisa H. Grinstead and Elizabeth A. Jefferson, and the return is, " not executed, for want of time."

By the words " principal defendant," must be understood the principal obligors, in contradistinction to sureties. Here it appears from the face of the contract, that all the obligors were principals. If it would be understood (which would be an unwarrantable assumption), that those who were served in Lawrence resided in Lawrence, it must, for the same reason, be taken that the others resided in Wilkinson. The term " defendant," as used in the statute, is a collective expression, including all the principal parties, defendants. *Smith* v. *Rines*, 2 Sim. R. 345. The statute does not provide that suit may be brought in the circuit court of that county in which any one of the principals resides. It only gives jurisdiction to the circuit court of that county in which the principal defendant resides. On this point, I refer to the case of *Essex* v. *Carey*, 1 A. K. Marsh. 60, before cited. If the legislature intended the act to embrace the case of several defendants (principals), residing in different counties, and to give jurisdiction to the circuit court of either county, they have used no language which bears such construction, and this court can only say, *quod voluit non dixit*, and declare it *casus omissus*. *Hall* v. *Hall*, 2 Strobh. Eq. R. 174.

5. Although process did issue to bring into court all the parties to the writing, that which issued to Wilkinson county was not put into the sheriff's hands until after the return day, and after the cause had been dismissed as to the Wilkinson de-

fendants. It was put into the sheriff's hands on the 30th of April, 1849, when on the 28th of April, 1849, the plaintiffs had dismissed their case against the defendants, against whom that process issued, and taken their judgment against the other defendants.

Were it material, I should contend that, under this statute, the plaintiff could not discontinue as to any party to the writing, and take judgment against others, unless such party as to whom the case is dismissed does not reside in this State. But here we have not that case. We have a case in which the party plaintiff sues out his process against all, and without putting that which issued against two of them into the hands of the sheriff, dismisses as to them, and takes judgment against the others. After this, and after the return day, he places his process in the sheriff's hands, and procures a return, "came to hand too late." Does the statute warrant such proceeding?

6. That the party did not appear in proper person, is manifest from the whole record. The precipe is signed "J. F. Foute, plaintiff's attorney." The joinder in demurrer is signed "Foute for plaintiff." After they had appeared and instituted their suit by attorney, they appear in proper person; and dismiss as to some, and take judgment as to others. They here reverse the statute, which only authorizes the recourse to attorney after suit brought. This last point, however, I regard as of no importance in this case.

*J. F. Foute* and *Sons* for appellees.

This case seems from the record to be in direct accordance with the statute. Hutch. Code, 854, § 11.

It need not be shown affirmatively, that the plaintiffs were citizens of the State. If this should be required, the defendants, before they can take advantage of it, must do so by plea, which they failed to do in this.

In the absence of any other showing, this court will presume the court below did "impartial justice" between the parties. Hutch. Code, 855, § 4.

Mr. Justice HANDY delivered the opinion of the court.

This action was brought upon a writing obligatory in the court below, under the statute of 1842, authorizing the citizens of this State to prosecute or defend their suits without the aid of an attorney.

The counsel for the plaintiff in error has submitted for our consideration the following points, to wit: —

1. The plaintiff must be a citizen of the State.

2. He must be a *bonâ fide* owner of the cause of action.

3. The cause of action must be a bill single, promissory note, bill of exchange, &c.

4. The cause of action must be filed with the clerk of the circuit court of the county where the principal defendant resides.

We may remark in general terms, that we find no error in this record. The instrument upon which the suit was founded is a writing obligatory, for the payment of a sum certain. In the absence of a showing to the contrary, we must presume that the court did its duty in the manner required by the statute, which declares that the court shall see that impartial justice is done between the parties, " and that the verdict of the jury, and the judgment of the court, shall be according to the strict justice of the case." Hutch. Code, 854, 855.

The record shows that the court had jurisdiction both of the cause of action and of the parties; and the law presumes that every fact necessary to enable the court to render judgment, according to " strict justice," appeared on the trial.